### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN A. RIVERA,**

     **Plaintiff,**

**-vs-**                   **Case No. 6:08-cv-879-Orl-19DAB**

**HAIR CLUB FOR MEN, LTD., INC., and**
**ALLISON BASNIGHT,**
     **Defendants.**

_____

### ORDER

The matter has been referred by the District Judge (Doc. No. 28) to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.

> If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on the Plaintiff's responses to the Court's Interrogatories (Doc. No. 18-2), Plaintiff was employed by Defendant as a supervisor from September 2005 to July 2006. Plaintiff sought unpaid overtime for 10-12 hours, plus an equal amount in liquidated damages, plus an amount owed on commissions and incentive bonuses; the amount could not be determined until records were obtained from the corporate Defendant. Doc. Nos. 18-2; 30. Defendant denied that Plaintiff was entitled to any overtime. Doc. No. 30. Once the time records were obtained, Plaintiff determined that he was owed $232.50 for work performed while off the clock and $837.08 in unpaid overtime relating to the commission and incentive bonuses, for a total of $1,069.58. Doc. No. 30. The settlement to Plaintiff through the offer of judgment of $2,139.16 is the full amount of unpaid overtime Plaintiff determined he was owed based on the available records. Doc. No. 30.

Plaintiff's attorney incurred $2,460.84 in attorney's fees and $400 in costs. Plaintiff's counsel litigated the case on behalf of Plaintiff from June to December 2008 and accrued 8.2 hours himself, and 1.5 hours of paralegal time. Mr. Pantas has been awarded an hourly rate in previous FLSA cases of $300; and paralegal time at $95[1]. Costs for filing fee and service of process charges totaled $400.00. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

---

[1] The parties' Joint Response says paralegal time is billed at $150 per hour, but lists the total amount sought of $157.50 is based on $105 per hour (Doc. No. 30 at 2); the Court generally awards $95 per hour. The $15 difference is an acceptable variation.

Settlement in the form of the offer of judgment for **$5,000** to Plaintiff, with **$2,139.16** for unpaid wages and liquidated damages, and **$2,860.84** for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

**DONE** and **ORDERED** in Orlando, Florida on December 8, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record